UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| MARGARITA LEMOINE, }<br>ON BEHALF OF HERSELF AND }<br>ALL OTHERS SIMILARLY SITUATED, }<br>**}**<br>Plaintiff, }<br>v }<br>}<br>PORTFOLIO RECOVERY ASSOCIATES, LLC, }<br>}<br>Defendant. } | Civil Action, File No.<br>2:17-cv-04706-ADS-SIL |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Margarita Lemoine [hereinafter "Lemoine"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Portfolio Recovery Associates, LLC ("PRA") and Forster & Garbus, LLP ("F&G"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on PRA and F&G possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants' also derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Lemoine is a natural person residing at 572 Irving Street, Westbury, NY 11590.

6. Lemoine is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about March 24, 2016, F&G, on behalf of PRA, sent Lemoine the letter annexed as Exhibit A. Lemoine received and read Exhibit A. For the reasons set forth below, Lemoine's receipt and reading of Exhibit A deprived Lemoine of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, F&G, on behalf of PRA, sent Exhibit A to Lemoine in an attempt to collect a past due debt due to PRA.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by HSBC Bank Nevada, N.A. for her individual use, individually incurring charges by using the credit card account for personal, family or household purposes, and then, as an individual, failing to pay for these charges. F&G, on behalf of PRA,, via Exhibit A, attempted to collect this past due debt from Lemoine in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. PRA is a Delaware Domestic Limited Liability Corporation and a New York Foreign Limited Liability Corporation.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect

personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. PRA possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon PRA possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of PRA is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone.

13. F&G is a New York Limited Liability Partnership located 60 Motor Parkway, Commack, NY 11725.

14. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also <u>Eric M. Berman, P.C. v. City of N.Y.</u>, 796 F.3d 171 (2nd Cir., 2015). F&G possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

15. Based upon Exhibit A and upon F&G possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of F&G is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone.

16. On Exhibit A, F&G identifies itself as a "debt collector". Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication

attempting to collect a 'debt" or in connection with the collection of a "debt".

17. Based upon the allegations in the above three paragraphs, F&G is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

18. Upon information and belief, PRA and/or an entity on its behalf issued work standards, directives, and/or guidelines to F&G which contained instructions, controls, and rules governing the steps F&G could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

19. All the actions alleged in this Complaint taken by F&G were taken by F&G as the "debt collector" for the "debt collector" PRA.

20. Based on the allegations in the above two paragraphs, PRA is vicariously liable for the actions of F&G.

## FIRST CAUSE OF ACTION-CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-22 of this Complaint.

22. Exhibit A sets forth the following: "Balance Due as of March 24, 2016 - $2,297.72".

23. If on the date of Exhibit A PRA was not accruing interest, late charges, and/or other charges on the "Balance Due as of March 24, 2016" set forth in Exhibit A, then Defendants violated 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the "Balance Due as of March 24, 2016" or describing the balance as the "Balance Due as of March 24, 2016".

## SECOND CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

25. Exhibit A sets forth the following: "Balance Due as of March 24, 2016 - $2,297.72".

26. Upon information and belief, PRA continued to accrue interest, late charges, and/or other charges on the "Balance Due as of March 24, 2016 - $2,297.72" set forth in Exhibit A.

27. Exhibit A failed to notify Lemoine that her "Balance Due as of March 24, 2016 - $2,297.72" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

28. For the above reason, as a result of the aforementioned omission from Exhibit A, Defendants violated 15 USC § 1692e by sending Exhibit A to Lemoine.

## THIRD CAUSE OF ACTION-CLASS CLAIM

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

30. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

32. As a result of sending Exhibit A to Lemoine, Defendant violated of 15 USC 1692g.

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

34. The class consist of (a) all natural persons (b) who received a letter from F&G on behalf of PRA dated between March 24, 2016 and March 24, 2017 to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A.

35. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

36. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

37. The predominant common question is whether Defendant's letters violate the FDCPA.

38. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

39. A class action is the superior means of adjudicating this dispute.

40. Individual cases are not economically feasible.

   **WHEREFORE**, Plaintiff requests the following relief:

   1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

      2. Any and all other relief deemed just and warranted by this court.

Dated: April 23, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107